```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION

BYRON SHANNON,                  )
                                )
        Plaintiff               )
                                )       No. 3:13-1205
v.                              )       (No. 3:13-mc-0093)
                                )       Judge Trauger/Brown
LT. DON McLEOD, et al.,         )
                                )
        Defendants              )
```

**O R D E R**

The Plaintiff has been allowed to initially proceed against some 41 Defendants. The docket sheet reflects that a number of the summonses are being returned unexecuted by the United States Marshals Service because the names provided by the Plaintiff are insufficient or incorrect. The **Clerk** will send the Plaintiff a copy of the docket sheet in this matter.

Under Federal Rules of Civil Procedure 4(m) the Plaintiff must obtain service of process within **120 days** on a defendant or the case against that defendant can be dismissed without prejudice for failure to obtain service of process.

On a review of the complaint, the Magistrate Judge has grave doubt that the Plaintiff alleged valid complaints against a number of the Defendants. It appears that the Plaintiff has simply tried to sue everyone on a particular shift, or who he believes came into contact with him at the jail.

To have a valid claim under Section 1983 the Plaintiff must show that a Defendant took personal action against him. Absent factual allegations that a defendant took personal action, the mere

fact that a defendant is a supervisor or employer of an individual defendant does not make the supervisor or employer liable to the Plaintiff.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint should consist of a short and plain statement of the jurisdiction of the Court, which in this case appears to be Title 42, § 1983, a short and plain statement of the facts which give rise to the complaint, and a short and simple statement of the rulings requested.

The Plaintiff is cautioned that there is a big difference between factual allegations and mere conclusions.

The Plaintiff is also cautioned that when he attempts to sue so many individuals, it is unlikely that his case will proceed to resolution in a reasonable amount of time. The Magistrate Judge anticipates that as soon as Defendants are served the Court will receive a number of motions to dismiss under Rule 12(b)(6) for failure to state a claim. The Plaintiff is advised that if such motions are filed, he has an opportunity to amend his complaint within **21 days** and/or respond to a motion to dismiss with valid legal arguments as to why the motion should not be granted.

Once all of the Defendants are served the Magistrate Judge will then enter a scheduling order.

To the extent the Plaintiff is filing pleadings with the court, he should allow a one-inch margin around all the edges of his document. As it is now, when the Plaintiff writes to the edges

of the paper, a portion of his pleadings are cut off when they are scanned into the electronic case filing system.

It is so **ORDERED**.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
