```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

BYRON SHANNON,                  )
                                )
        Plaintiff               )
                                )
v.                              )    No. 3:13-1205
                                )    Judge Trauger/Brown
LT. DON McLEOD, et al.,         )
                                )
        Defendants              )
```

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending in this case is a motion to dismiss pursuant to the "three strikes" provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and a motion by the Plaintiff to dismiss this action without prejudice (Docket Entry 23). For the reasons stated below the Magistrate Judge recommends that the motion to dismiss (Docket Entry 19) be TERMINATED as moot, and the motion to dismiss without prejudice be GRANTED, and this case be DISMISSED without prejudice.

### BACKGROUND

The Plaintiff filed a 26-page complaint against 41 different Defendants on October 2, 2013. The Plaintiff subsequently filed a motion to proceed *in forma pauperis* (IFP) (Docket Entry 4), which was granted (Docket Entry 7). In that same order the District Court allowed the complaint to proceed against all 41 Defendants.

Subsequently, on behalf of a number of Defendants the Metropolitan Government Department of Law entered a special

appearance and filed a motion to dismiss pursuant to the "three strikes" provisions of the PLRA, 28 U.S.C. § 1915(g).[1]

The Plaintiff did not directly respond to this motion. However, on December 27, 2013, he filed a motion to dismiss his action against all 41 Defendants without prejudice (Docket Entry 23). No response in opposition has been filed to his motion to dismiss without prejudice.

**LEGAL DISCUSSION**

As an initial matter the Magistrate Judge believes that, in accordance with *Cohen v. Correction Corporation of America*, 439 F.Appx. 489 (6th Cir. 2011), the proper procedure when a plaintiff has three strikes and does not allege immediate danger of serious physical injury is to allow the plaintiff a reasonable amount of time to pay the filing fee in full. Failing payment his case would be dismissed without prejudice.

In this case, however, the Plaintiff has filed a motion to dismiss his case without prejudice and the Magistrate Judge believes that his motion is well-taken. Rule 41(a)(1)(A)(i) provides that a plaintiff may dismiss his action without a court order by filing a notice of dismissal before an opposing party serves either an answer or a motion for summary judgment. In this

---

[1]The Magistrate Judge has noted that the Metropolitan Law Department in a number of cases combines a motion and memorandum of law in one document. The Local Rules are quite clear that there should be a separate memorandum. In this case the motion does not address the legal issue of whether there should be a dismissal, either with or without prejudice or whether the Plaintiff should be given time to pay the filing fee. *See Cohen v. Correction Corporation of America*, 439 F.Appx. 489 (6th Cir. 2011).

2

case no Defendant has filed either an answer or a motion for summary judgment.

The Plaintiff is therefore entitled to a dismissal of his case without prejudice without a court order. However, in view of the issues raised by the three strikes, the Magistrate Judge recommends that the Court enter a formal order dismissing the Plaintiff's case without prejudice, but specifically notifying the Plaintiff that inasmuch as he has three strikes, in future cases he may not proceed IFP unless he is able to adequately allege immediate danger of physical harm.

## RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge recommends that Docket Entry 19 be TERMINATED as moot; that Docket Entry 23 be GRANTED; this case be DISMISSED without prejudice; and that the Plaintiff be directed that he may not file additional cases IFP absent a proper allegation that he is in immediate danger of physical harm.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 29th day of January, 2014.

/s/   Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge